# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT HERL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2549 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Petitioner, a state inmate proceeding *pro se*, filed a section 2254 habeas petition challenging the denial of his release to mandatory supervision. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for failure to exhaust.

Petitioner was convicted of assaulting a family or household member and sentenced to two years incarceration in September 2017. Public records for the Texas Department of Criminal Justice report his maximum sentence date as April 12, 2019. Petitioner claims that he was unlawfully denied mandatory supervised release in March 2018, and that he exhausted his state law remedies by pursuing an unsuccessful *pro se* motion for special review with the Texas Board of Pardons and Paroles.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with section 2254, a petitioner must fairly

present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the Texas Court of Criminal Appeals on direct appeal or in state post-conviction proceedings. *Fisher v. State of Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render the available process ineffective. *See* 28 U.S.C. § 2254(b)(1)(B).

Petitioner alleges that he exhausted his state remedies through filing a motion for special review with the state parole board. Contrary to petitioner's assertions, this did not exhaust his claims for purposes of the instant federal proceeding. The Texas Court of Criminal Appeals has specifically held that an "applicant can mount a due process challenge to the procedures used by the parole board in considering whether to release applicant to mandatory supervision." *Ex parte Geiken*, 28 S.W.3d 553, 557 (Tex. Crim. App. 2000); *see also Ex parte McGee*, 962 S.W.2d 49 (Tex. Crim. App. 1998) (per curiam) (granting habeas relief where inmate was statutorily entitled to mandatory supervised release).

Petitioner acknowledges, and public records for the Texas Court of Criminal Appeals show, that he has not presented his due process claims to the Texas Court of Criminal Appeals. Because state process remains available, petitioner has not exhausted his state court remedies, and this federal habeas petition must be dismissed without prejudice for failure to exhaust.

The petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on July 27, 2018.

                                            Gray H. Miller
                                   United States District Judge